RICHARD HAGOPIAN *vs.* AMERICAN WOOLEN CO., INC.

JULY 17, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This cause is before us on the employee's appeal from a decree denying his petition for review under the workmen's compensation act, general laws 1938, chapter 300.

The only evidence adduced at the hearing in the superior court was petitioner's testimony and by agreement the written reports of the doctors who had treated or examined him. It appears therefrom that petitioner, a weaver, was injured in the course of his employment by respondent on October 26, 1949; that he suffered a fracture of his left seventh rib, anterior portion, with some question of irritation of the intercostal nerve at the situs of the fracture; and that his petition for compensation for total incapacity at the rate of $28 per week was granted by the director of labor, from which decision an appeal was taken by the employer to the superior court.

That appeal was eventually withdrawn, but prior thereto the parties entered into a preliminary agreement and petitioner signed a settlement receipt dated October 4, 1950 which was witnessed by his attorney. Thereunder all compensation from the date of the accident was paid by respondent and petitioner acknowldged: "I was able to return to my regular work, at my regular pay, on October 2, 1950, as far as my injury was concerned, but did not do so as there was no work available. I understand that compensation ceased as of October 2, 1950."

The petitioner testified that work was slack at the time but he later found employment in another mill; that he was able to work only a portion of the week and could not operate six looms as he usually did; and that when he was lifting an eighty-five pound roll he felt a severe pain in the region where his rib had been fractured. He was attended by Dr. Richard S. Arlen for treatment of the pain, and for many months remained idle, contending that he was unable to work because of such pain. However, at the suggestion of Dr. Arlen he again visited Dr. Caroll M. Silver, an orthopedic specialist, and then submitted to a

treatment of the intercostal nerve, which Dr. Arlen described as a simple freezing procedure and which Dr. Silver had suggested after a previous examination before the settlement receipt was signed. Since that time he has suffered no pain in that area and at the trial he had been employed part time in a store since January 1, 1952.

In the meantime, however, on October 24, 1951 he filed the instant petition for review on the ground of "decreased earning capacity." This petition was denied by the director of labor and was later heard *de novo* in the superior court on petitioner's appeal. Thereupon a decree was entered containing only the following finding of fact: "That the petitioner has failed to prove by a fair preponderance of the credible evidence that he has been incapacitated for work since October 2, 1950, as a result of his injury of October 26, 1949."

The first four reasons in petitioner's claim of appeal relate directly to the finding in the decree as entered, but the fifth reason claims an alleged error of the trial justice "in taking judicial notice of a medical fact and treatment as being simple and effective and not involving danger to life or limb." This language appears with other discussion in the trial justice's decision and petitioner relies entirely on the fifth reason of appeal. On the other hand respondent contends that the sole issue is whether the finding *in the decree* is supported by legal evidence, since the remaining discussion appearing in the decision and relied on entirely by petitioner is severable, is not necessary or controlling for the decision, and is therefore surplusage.

We have held that on an employee's petition for review under the workmen's compensation act the burden is on him to establish that his earning capacity has decreased in whole or in part. *Ucci* v. *Hathaway Bakeries, Inc.,* 75 R. I. 341. Here petitioner was required to show a decrease in his earning capacity that was causally related to the accident and injury of October 26, 1949.

The trial justice in his decision first found expressly that

petitioner had not sustained that burden by a preponderance of the evidence.  Subsequently, however, he also adverted to the obligation of an employee to cooperate reasonably in helping to rehabilitate himself, with some particular reference to submission to a simple medical procedure.  By judicial notice he likened such procedure to a nerve block by novocaine frequently used in dentistry.  In the absence of appropriate evidence this latter discussion may have been unjustified, but no part of it was included in the finding of fact appearing in the decree and we do not think it controlled the trial justice's decision.  In our opinion it is not necessary to reach such question in order to support the finding of fact, namely, that petitioner had not sustained the burden of showing a decrease in earning capacity causally related to the accident of October 26, 1949, which was made expressly in the decision before, and is severable from, such discussion.

In this connection the respondent had contended that the cause of petitioner's decreased earning capacity, if it existed, was due to another accident in the Paragon Worsted Mill and that in any event no such decreased earning capacity was shown to be due to the accident for which respondent was liable.  In our judgment the only question in the circumstances is whether there was evidence to support the finding of the trial justice as it appears in the decree.  From our review of the transcript we are of the opinion that, without having recourse to any discussion relating to the medical procedure and taking judicial notice thereof,. which petitioner claims was erroneous, there was evidence to support such finding.

It appears that Dr. Silver on June 5, 1950 had given his report in substance that the fracture of the rib had completely healed; that petitioner was definitely able to resume his regular work as weaver; and that any residual pain or soreness in that area was to be expected but was not incapacitating.  He also had notified petitioner in 1949 that such pain could be eliminated if he desired to take a freezing

treatment for the nerve in that area. Therefore petitioner, when he entered into the agreement and signed the settlement receipt in October 1950, had the same degree of pain as well as the knowledge of Dr. Silver's conclusion that the condition was not incapacitating. He then confirmed Dr. Silver's report by expressly agreeing that he was able to resume his regular work so far as the original accident and injury were concerned.

Later at the request of his own physician he went to Dr. Silver, whose report was made known to petitioner through Dr. Arlen's letter of November 24, 1951 to petitioner's counsel. That letter shows that in 1951, after he had filed the instant petition to review and before he had successfully undergone the freezing treatment for a nerve block, he was in the same condition as he was in June 1950 so far as the original accident, injury and ability to work regularly were concerned. On that record, apart from any discussion as to the freezing procedure, there was evidence to support a conclusion that petitioner then, as at the time of the signing of his settlement receipt, was suffering some soreness or pain in that area but that it did not incapacitate him from performing his regular work and earning full wages. In other words, there was evidence to support the finding that petitioner had not shown any decreased earning capacity since the date of his settlement receipt, which incapacity was causally attributable to the original accident and injury. Such finding of fact, being without fraud, is conclusive under the act.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian,* for petitioner.
*Worrell and Hodge, Lee A. Worrell,* for respondent.